# MERRIMACK,

## JULY TERM, A. D. 1859.

SHEPHERD *v.* UNION MUTUAL FIRE INSURANCE COMPANY.

NEW-HAMPSHIRE SAVINGS BANK in Concord *v.* SAME.

Where a policy of insurance is assigned, the action must be brought in the name of the original assured, unless, by the assignment and the assent of the company, agreeably to their charter and by-laws, the assignee becomes substituted as the member of the company.

Where a by-law provides that the policy shall become void if the premises are alienated by sale, mortgage, or otherwise, unless certain things are done, it was *held* that a mere mortgage was not an alienation, within the meaning of the by-law.

A provision that if the risk should be increased by the acts of others, notice should be given and an additional premium secured, was *held* valid. It is a question for the jury whether a change increases the risk.

ASSUMPSIT, to recover for a loss by fire, or for premiums and assessments paid. The parties agree that a policy of insurance was issued to said Shepherd, on the 28th day of November, 1854, and was afterwards, on the 5th day of December, 1854, assigned to the New-Hampshire Savings Bank, as collateral security for a mortgage and note from said Shepherd, of $1,200.

On the 12th day of September, 1857, the property mentioned in the policy sustained a loss by fire. Notice and proof of loss was made by Shepherd to the company, and notice was also given by the Savings Bank, referring to and adopting the notice given by Shepherd. It appeared

Shepherd *v.* Union Mutual Fire Insurance Company.

by said notice that in January, 1856, a mortgage of the property had been made to one William Caldwell, for $500, which mortgage was outstanding at the time of the loss, and had never been notified to the company. After the policy was issued, a barn, within six feet of the building insured, was occupied as a bowling-alley, and so continued up to the time of the fire. No notice of this ballalley was ever given to the company.

Several assessments have been paid to the company before and since the date of the mortgage to Caldwell. The charter and by-laws of the company are referred to in the opinion of the court.

*C. R. Morrison,* for the plaintiff.

I. A mortgage is not an alienation, within the meaning of section 13 of the charter. *Rice* v. *Tower,* 1 Gray 426; *Jackson* v. *Mass. Ins. Co.,* 23 Pick. 418; *Clarke* v. *N. E. Ins. Co.,* 6 Cush. 342; *Folsom* v. *Belknap Ins. Co.,* 30 N. H. (10 Fost.) 231; *Rollins* v. *Columbian Ins. Co.,* 25 N. H. (5 Fost.) 200.

II. If article 16 of the by-laws is to be construed so as to make the giving of a mortgage such an act as would avoid the policy, it is inconsistent with the charter, and therefore a nullity.

III. But this article should be held to apply, in case of a mortgage, only when there has been a foreclosure, by which the title is wholly changed, so that the insured has no longer any insurable interest, and the policy is to be kept on foot, if at all, by the " grantee or alienee," for his benefit. See cases before cited, and 8 Cush. 133; *Masters* v. *Madison Ins. Co.,* 11 Barb. 624. There had been no foreclosure and no entry under the mortgage, and the mortgage, therefore, was but a mere chose in action, and the mortgagor was the real owner. It cannot be said that the title was changed by a mortgage, without foreclosure or entry.

IV. If the facts were otherwise, the right of the bank would be saved by the proviso.

V. The company cannot make the assured responsible for the subsequent acts of third persons, by which the risk may be increased. Such a by-law is inconsistent with the whole scope and object of the insurance. All that can be required of him in such a case is that he be not wanting in good faith. We say that the risk was not increased. *Long-Island Railroad,* 19 Wend. 37.

VI. If a policy be avoided, the assured is of course entitled to a return of the assessments paid after the act or omission complained of. 2 W. & M. 472.

VII. It is a question for the jury, whether the risk is increased by the erection of a building near the premises. The policy is avoided only in case the risk is increased. *Perry Co. Ins.* v. *Stewart,* 19 Penn. (7 Har.) 45; *Moore* v. *Pro. Ins. Co.,* 29 Me. 97; *Curry* v. *Ins. Co.,* 10 Pick. 535; *Stetson* v. *Ins. Co.,* 4 Mass. 330; *Lexington Ins. Co.* v. *Pavor,* 16 Ohio 324.

*W. E. Chandler,* with *George & Foster,* for the defendants.

I. The action of Shepherd cannot be maintained—

1. Because of the assignment to the savings bank. By that assignment, and the assent of the defendants thereto, the savings bank became substituted in the place of Shepherd, and the defendants cannot be subjected to the action of two parties for the same loss. *Rollins* v. *Columbian Ins. Co.,* 25 N. H. (5 Fost.) 206; Ang. on Ins., sec. 61.

2. Because of the occupancy of the barn mentioned in the case, as a bowling-alley. *Stetson* v. *Massachusetts Insurance Company,* 4 Mass. 331; 1 Arn. on Ins. 515; Parsons' Merc. Law, 300; *Jones Manufacturing Company* v. *Manufacturers' Insurance Company,* 8 Cush. 82; Art. 19, by-laws of the defendant corporation.

The plaintiffs say that the by-law is inconsistent with the whole scope and object of the insurance; but the

Shepherd *v.* Union Mutual Fire Insurance Company.

defendants submit that a by-law that requires the insured, in a case like the present, to give notice of the existence of a ball-alley within six feet of the building insured, is no more than just and reasonable; and the parties have agreed that such shall be the condition of insurance.

3. Because of the mortgage to Caldwell. That mortgage was an alienation, within the meaning of section 13 of the charter, and article 16 of the by-laws of the defendant corporation. The defendants do not dispute the authorities of the plaintiff, that a mortgage is not an alienation in insurance law, where an alienation by mortgage is not expressly mentioned. But we say that the question, under the ordinary clause in fire policies, having been a moot question in our courts, to settle and put the same at rest, the defendant corporation, in their conditions of insurance, expressly stipulate that a mortgage shall be an alienation.

Such a by-law is not unreasonable, and is not void because conflicting with the charter. The charter provides against an alienation, the by-laws define what shall be considered an alienation, and the parties expressly agree that "a change of title," by mortgage, shall be an alienation, and shall avoid the policy. See *Rollins* v. *Columbian Insurance Company*, 25 N. H. (5. Fost.) 206; *Dutton* v. *New-England Insurance Company*, 29 N. H. (9 Fost.) 162; *McCulloch* v. *Indiana Insurance Company*, 8 Blackf. 50.

The by-law cannot be construed as referring to an alienation by mortgage, when the mortgage shall be foreclosed. The evident intention in inserting the word "mortgage" in the by-law, was to require notice of any subsequent incumbrance; to provide against that change of the legal title which does take place upon the execution of a mortgage. In the case in 8 Cush. 134, cited by the plaintiffs, the by-law expressly provides that a mortgage should not be an alienation until foreclosure. The same is true of *Jackson* v. *Massachusetts Insurance Company*, 23 Pick. 418,

and none of the cases cited by the plaintiffs are like the present. See Ang. on Ins., sec. 208.

II. The action of the savings bank cannot be maintained—

1. Because of the ball-alley. Upon the assignment to the bank and the assent of the company, the bank, by virtue of section 13 of the charter, and article 16 of the by-laws, became liable to all the conditions and subject to all the liabilities imposed upon the original party insured; and notice of the ball-alley not having been given to the company, the policy is thereby avoided, by virtue of article 19 of the by-laws, as well against the bank as against Shepherd.

2. Because of the mortgage to Caldwell. The proviso in article 16 of the by-laws only protects parties who have signed a premium note with the assured, or who shall give such security as the directors require; and the defendants say that no such note was signed nor security given in this case.

3. In any event, the action of the bank cannot be maintained without an assignment of their mortgage to the defendants.

The interest of the bank must be regarded as the only interest protected by the insurance; although the policy was originally issued to Shepherd, and by him assigned to the bank.

The assignment to the bank and the assent of the company made a new contract with the bank. The old contract with Shepherd was at an end, and the interest of the bank was the only interest insured. Or if, at the time of the assignment, Shepherd had an interest to be protected by the insurance, his acts afterwards wholly bar any action on the policy, in any shape, for his benefit. He did not give notice of the existence of the ball-alley. He alienated the property by mortgage, without notice. And even if it be held that the rights of the bank are protected by

the proviso from the effect of the mortgage to Caldwell, yet the acts of Shepherd, having been clearly such as to invalidate the policy *as to him*, the contract was reduced to a mere insurance of the interest of the bank as mortgagee, which, we say, was also invalidated by the neglect of the bank to give notice of the ball-alley, and in any event, no action can be maintained on the part of the bank, without assigning or offering to assign to the company the mortgage debt.

BELL, J. In the case of *Thompson* v. *Emery*, 27 N. H. (7 Fost.) 269, the general principles of the law relative to the assignment of contracts not negotiable, and the right of action in such cases, are distinctly stated. The assignee cannot ordinarily maintain a suit in his own name. His rights must be enforced in the name of the assignor, but his equitable interest will be protected against all persons having notice of the assignment. If, however, the debtor make a promise to the assignee, after the assignment, to pay the debt to him, the assignee can maintain an action in his own name. In that case the original contract must be stated in the declaration, and the assignment, as the consideration of the new promise to the assignee, and such new promise must be proved as alleged.

In *Kittredge* v. *Rockingham Ins. Co.*, not yet reported, Roundy insured his property, but the policy was in terms made payable in case of loss to Kittredge, one of his creditors, and a mortgagee of the property. It was held that it was Roundy's insurance, not Kittredge's; that Roundy became the member of the company, and the action must be brought by him, and not by Kittredge, though the equitable interest of the latter would be protected. *Morris* v. *Rockingham Insurance Company*, 25 N. H. (5 Fost.) 22. The same point was held in *Blanchard* v. *Atlantic Insurance Company*, 33 N. H. (2 Fogg) 9. In *Rollins* v. *Columbian Insurance Company*, 25 N. H. (5 Fost.) 200, the policy was

made to Rollins, and upon his property, and was assigned as collateral security to a mortgagee. It was held that a policy of insurance is not at common law assignable, though made in terms to the party *and his assigns*. Though the charter provides for an assignment in case of an alienation of the property, and in such case the assignees, upon the assent of the corporation to the assignment, made agreeably to the charter, would have all the rights and privileges of the original party insured, and among others the right to sue in their own names, and the original party would no longer have any right of action, yet a mortgage would not be an alienation ; and an assignee of the policy as security only, would not be within the provision, and could not maintain an action, though the corporation assented to the assignment. If, however, the charter or a valid by-law authorize an assignment to a mortgagee, and provide that, on the assent of the company, he shall have the rights and privileges of a member, he may maintain an action in his own name. But it was said that the corporation would not be subject to the action of two parties on the same policy. A by-law authorizing such assent was held valid, and it was said that the technical rule, that an assignee cannot sue in his own name, would not stand in the way of such by-law, for the assignment and assent of the corporation make a new contract, upon which, in the case of a natural person, the assignee might maintain an action in his own name, and the action of the assignee would be founded on this new contract made with him.

In *Folsom* v. *Belknap Insurance Company*, 30 N. H. (10 Fost.) 231, it was held that a mortgage is not an alienation, unless made such by the charter, by-laws or policy. The action, in case of loss, must be in the name of the original assured, unless, by the charter or by-laws, the assignee becomes a member of the company. If a mortgagee as well as a purchaser may become a member of the company by an assignment and ratification, he may sue in his own

name—the ratification operating as a new contract with the assignee.

The foundation of these decisions is the principle that the powers of mutual insurance companies, under the charters usually granted in this State, are limited, and that they have no power to contract for the payment of future losses, upon policies issued by them, to any other person than the assured, or their assignees who are regular members of the company; *Blanchard* v. *Atlantic Insurance Company*, 33 N. H. (2 Fogg) 9; and that their power so to contract is derived from the express provisions of their charters, and is confined to the cases specified in the charter, or in the by-laws authorized by it.

By the facts agreed in this case, it appears that the assignment was made only as a security; and it does not appear that it was communicated to the insurance company, or was ever assented to or ratified by them. The assignment consequently transferred an equitable interest only; and no new contract being made with the assignee, the savings bank can maintain no action on the policy, except in the name of the assignor.

It is objected that the contract of the insurance company has been avoided by the omission of the insured to give certain notices required by the policy, and to give new security to the company. The first is the omission to give notice that a barn, situated within six feet of the building insured, had been made a ball-alley, by which it is alleged the risk of fire was seriously increased.

The 19th article of the by-laws of the company, which is annexed and referred to in the policy, and is to be regarded as part of it, (*Marshall* v. *Columbian Insurance Co.*, 27 N. H. 157) provides that if the risk on any property insured by said company shall be increased by the insured, or others, by any change of the circumstances disclosed in the application, or by the erection or alteration of any building, the carrying on of any hazardous

trade, operation or process, or the deposit of any hazardous goods in or near the same, the policy thereon shall be void, unless an additional premium and deposit shall be settled with and paid to said company. The alteration in this case was made by others—by third persons—and it is contended that such a provision is inconsistent with the scope and object of insurance, and that it cannot therefore be lawfully made, and is not binding. But we are unable to adopt this view. The parties have the right to frame their contracts as they please in this respect, and they cannot complain if they find the stipulations to be inconvenient. Having contracted, subject to this express condition, the company are not bound, if the condition is shown to be broken. It is not admitted that the risk is increased, and the question of fact must be settled by the jury.

The second objection is, that a mortgage was subsequently made upon the property by the insured, and that such mortgage is an alienation which avoids the policy. The charter provides that " when any property insured in the company shall in any way be alienated, the policy thereupon shall be void." It is not contended that a mortgage is such an alienation. That point is settled in the case of *Rollins* v. *Columbian Ins. Co.*, before cited. But it is said that it is an alienation, under the 16th by-law of the company, which provides that " when the title of any property insured shall be changed by sale, mortgage, or otherwise, the policy shall thereupon be void; " the change of phraseology being introduced for the very purpose, it is said, of placing mortgages in the same position as absolute sales. It was competent for the company to make a provision, that if the property insured should be mortgaged, the policy should be void, and the parties would be bound by it; but they have not been fortunate in their choice of language, if such was the design here. The title to property may be changed by a mortgage and

Shepherd *v.* Union Mutual Fire Insurance Company.

foreclosure, but it is not either a vulgar or technical expression to speak of a change of title by the mere execution of a mortgage. In equity, and even at law, a mortgage is not regarded as a title to land. It is considered a lien, or incumbrance, which may transfer the title to the mortgagee; but the mortgagor is regarded as the owner until entry of the mortgagee or foreclosure. We may so readily imagine a great variety of forms of expression which would make a policy void, if the property should be mortgaged, that it may be fairly inferred, from the use of the phrase, " when the title shall be changed," that it was not designed to include a mere mortgage. A contract will not be avoided and rendered inoperative by doubtful phrases; and we are of opinion that this policy was not avoided by the mortgage to Caldwell.

It is not said by whom the assessments were paid. Assuming that they were paid by Shepherd, he alone can reclaim them by a suit, in case it should appear that they were paid without consideration, because the policy was originally invalid, or because, if valid, it did not attach upon the property, or because it has subsequently, and before the payment, become invalid. As no contract existed between the insurance company and the bank, the payments even by the bank must be taken to have been made in Shepherd's name and for his benefit; and, in that case, the right to reclaim them would be vested in him.

Judgment must be rendered for the defendant in the action in favor of the savings bank; and the action in favor of Shepherd must be sent to the jury.